DIERKS LUMBER & COAL COMPANY *v*. KULL.

Opinion delivered April 9, 1928.

1.  EVIDENCE—ADMISSION OF TELEGRAMS AND LETTERS.—Where the authenticity of telegrams and a letter purporting to come from defendant or its agent was not denied, and the office from which the telegrams were sent and in which the letter was written were outside of the court's jurisdiction, and the letter was written on defendant's letterhead and received by mail in due course, *held* that the authenticity of telegrams and letters was sufficiently established to be admitted in evidence.

2.  EVIDENCE—TELEGRAMS AND LETTERS.—In an action for a balance due for goods, letters and telegrams passing between the attorney handling the account for collection and defendant's agent for adjustment of the account were properly admitted.

3.  CORPORATIONS—LIABILITY FOR INDEBTEDNESS OF SUBSIDIARY COR- ·PORATION.—In an action for a balance due for goods delivered to an alleged subsidiary corporation of defendant, testimony as to an adjustment by defendant of an account between such subsidiary corporation and another was admissible as tending to show that defendant was backing such subsidiary corporation.

4.  TRIAL—INSTRUCTION ASSUMING FACT.—In an action for a balance due for goods delivered to an alleged subsidiary corporation of defendant, an instruction that if the jury find that the sub·

sidiary corporation purchased merchandise for defendant without the latter's authority, but that the latter ratified such act, the verdict should be for plaintiff, *held* not objectionable as assuming that the subsidiary corporation purchased the goods with authority from defendant; the instruction submitting the issue of authority only as preliminary to the issue of ratification.

Appeal from Howard Circuit Court; *B. E. Isbell,* Judge; affirmed.

*Collins & Collins* and *Lake, Lake & Carlton,* for appellant.

*June R. Morrell,* for appellee.

HUMPHREYS, J.   Appellee sued appellant for a balance of $4,924.09 alleged to be due him by it for baskets and crates delivered to Dierks Lines Growers' Association, an alleged subsidiary corporation, sponsored by appellant for the purpose of encouraging the growing of fruits, vegetables and other agricultural products.   The baskets and crates were used by the Dierks Lines Growers' Association for the shipment of tomatoes and cantaloupes.

Appellant filed an answer, denying liability on the account.

The cause was submitted upon the pleadings, the testimony introduced by the respective parties and the instructions of the court, which resulted in a verdict and consequent judgment against appellant for $3,852.07, from which is this appeal.

Appellee recovered the judgment appealed from upon the theory that, in purchasing the baskets and crates, the Dierks Lines Growers' Association was the agent in fact for appellant.   Appellant contends for a reversal of the judgment upon the alleged ground that there is no evidence in the record tending to show the agency.   After the baskets and crates had been delivered and used, appellee sent a telegram to appellant calling its attention to the account for which this suit was afterwards brought.   He received a telegram in response as follows:

"Kansas City, Mo., 10:05 a. m. Dec. 13, 1926.
"Horatio Basket Co., Horatio, Ark.

"Your account being looked after by Southerland, and he is out of city; will be back in two or three days, and immediately upon his return matter will have prompt attention.

"11:25 a. m.                Dierks Lumber & Coal Co."

In response to telegrams or letters, appellee received the following telegrams and letter:

"Kansas City, Mo., 2:43 p.m., Dec. 22, 1926.
"Horatio Basket Co., Horatio, Ark.

"On your bill recently rendered you stated interest due as per agreement. We were not familiar with any agreement as to interest, and were compelled to refer to Murrah, and have not heard from him as yet.

"3:45 p.m.                R. Southerland."

"Kansas City, Mo., 9:32 a.m., Jan. 12, 1927.
"Horatio Basket Co., Horatio, Ark.

"Please refer to our wire of yesterday. Mr. Southerland is out of town; however plans to be down at Horatio to see Mr. Kull early part of next week.

"10:30 a. m.                Dierks Lumber & Coal Co."

"Kansas City, Mo., 11:53 a. m., Jan. 20, 1927.
"Horatio Basket Co., Horatio, Ark.

"Southerland confined home account illness; feels will be able get down next Tuesday sure. He has complete charge of this matter. We are very anxious get this straightened up, but it will be necessary for him personally handle it, as he is familiar with all details.

"1:23 p.m.                Dierks Lumber & Coal Co."

"Dierks Lumber & Coal Company
Manufacturers of Yellow Pine & Hardwood Lumber
1006 Grand Avenue.

"Kansas City, Mo., Jan. 27, 1927.
"Horatio Basket Co., Horatio, Ark.

"Gentlemen: We have your wire of January 20 and 21. The writer is now dictating from his home and is ill, for which you, of course, don't give a damn. I am

confident of that because you say in your wire you wouldn't be out anything if I die, but I think that I will make the grade and you will be that much ahead at least.

"For your information, I have charge of this matter and will be down there and straighten it out as soon as I get well enough.

"You may be sure that your kindly solicitude as to my death is going to greatly hasten my recovery.

"Yours very truly,
"Dierks Lumber & Coal Coal Co.
"By R. Southerland."

These telegrams and letter purported to come from appellant or R. Southerland, the one mentioned in the messages as the party looking after the account in question. Neither appellant nor Southerland denied the authenticity of the telegrams and letter. Appellant objected to the introduction of the telegrams and letter upon the ground that the telegrams were signed by typewriter and the name "R. Southerland" by stamp. The office from which the telegrams were sent is beyond the jurisdiction of the court. The rule with reference to the introduction of telegrams is laid down in Ruling Case Law, vol. 10, page 1151, § 354, and is as follows:

"A telegram delivered by the transmitting company is admissible in evidence where the original and the office from which it is sent are beyond the jurisdiction of the court. The authenticity of telegrams may be found from the fact that the alleged sender does not deny that he sent them, and that he knew their contents, and acted in accordance with instructions contained in them."

The letter introduced was written on the letterhead of appellant, and bore its typewritten signature, "By R. Southerland," in stamp. The letter was received by mail in due course. The office in which it was written is out of the jurisdiction of the court.

Under the principle quoted in this opinion from Ruling Case Law, the authenticity of the telegrams and letter were sufficiently established to be admitted in evi-

dence. When the telegrams and letter are read together they practically admit initial liability on the part of appellant. Nowhere in the telegrams or the letter is it intimated that the account was an independent obligation of the Dierks Lines Growers' Association. It is clearly inferable from the contents of the telegrams and letter that appellant knew all about the account. If appellant did not want to be bound by the contents of the telegrams and letter, it should have introduced proof to the effect that they were not authorized. Appellant also objected to the introduction of certain correspondence, in the nature of telegrams and letters, between June R. Morrell, an attorney in whose hands the account was placed for collection, and R. Southerland, for the same reason that it objected to the introduction of the other telegrams and letter. We think this correspondence was admissible, as the other telegrams designated R. Southerland as appellant's agent for the adjustment of the account in question.

Appellant also objected to the introduction of an adjustment by appellant of an account between the Dierks Lines Growers' Association with A. P. Steel, trustee for the Cannon estate. According to the testimony of A. P. Steel, appellant deducted one account from the other and paid the difference. We think this was admissible as a circumstance tending to show that appellant was backing the Dierks Lines Growers' Association.

There is ample evidence of a substantial nature in the record to support the verdict and judgment. The court did not err in refusing to give appellant's instruction for a directed verdict.

Appellant also contends for a reversal of the judgment because the court gave appellee's requested instruction No. 2, which is as follows:

"If you find from a preponderance of the evidence that the Dierks Lines Growers' Association purchased the merchandise in question for the Dierks Lumber & Coal Company without authority from the said Dierks Lumber & Coal Company to do so, yet if you find

that the Dierks Lumber & Coal Company later ratified the act of the Dierks Lines Growers' Association, then your verdict should be for the plaintiff as against the Dierks Lumber & Coal Company.''

The objection made to the instruction is that it assumes that the Dierks Lines Growers' Association purchased the merchandise in question for the Dierks Lumber & Coal Company, and submitted to the jury only the question as to whether or not the purchase was made with or without authority from appellant. The instruction does submit the issue of authority to the jury, but only as preliminary to the issue of ratification. It does not assume that the Dierks Lines Growers' Association purchased the merchandise with authority from appellant.

No error appearing, the judgment is affirmed.